LEE COSTLY, Respondent, v. JOHN SEWARD, Appellant.

St. Louis Court of Appeals, February 18, 1902.

1. **Instruction: EVIDENCE: PRACTICE, TRIAL: REFUSED INSTRUCTION.** Where an instruction is not based on the evidence of any witness in a case, it should not be given.

2. ———. Cause submitted without instruction, verdict will be sustained, if based on evidence.

3. When a case is submitted to a jury without instructions, and there is evidence to support the verdict, the cause will be affirmed by an appellate court.

Appeal from Ripley Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Thomas F. Lane* for appellant.

The third instruction in the following language should have been given: "The jury are instructed that if they find from the evidence in this case, that plaintiff agreed to dig a well for defendant, and that plaintiff was to dig until said well furnished water reasonably sufficient for all ordinary use and purposes, satisfactory to defendant, and that plaintiff refused to perform his agreement, and abandoned said contract, then your verdict must be for the defendant. And, if you find from the evidence as above stated, you are further instructed that defendant is entitled to recover of plaintiff the amount of money, or value of labor expended by reason of plaintiff's breach of said agreement and contract." Cavender v. Waddingham, 73 Mo. App. 551; Ibers v. O'Donnell, 25 Mo. App.

120; Smith v. Keith & Perry Coal Co., 36 Mo. App. 567; Doyle v. Turpin, 57 Mo. App. 84.

No brief furnished for respondent.

BLAND, P. J.——The suit was commenced before a justice of the peace on the following account:

"Gamburg, Mo., Dec. 31, 1901. Lee Costley, work for J. Seward: On or about the first of October, 1900, for digging on a well, 47 feet, at 40c. per foot, $18.80. Lee Costley."

The defendant filed an offset not necessary to set out.

The case was taken to the circuit court by appeal where plaintiff recovered a verdict for eight dollars and eighty cents, on which judgment was rendered. The defendant duly appealed.

The evidence for plaintiff tended to prove that in September, 1900, plaintiff agreed to dig a well for defendant at forty cents per foot. That he said to defendant, "I'll get you water;" that he dug forty-seven feet, when his child became sick, remained sick for twenty days and then died; that during this time plaintiff remained at his home and a heavy rain came and some dirt fell into the well. Plaintiff offered to return and continue digging the well if defendant would furnish some boards and nails to curb the well. Defendant refused to do this and plaintiff did no more work on the well. While plaintiff was at work on the well defendant paid him ten dollars.

The evidence for defendant tends to prove that plaintiff agreed to dig until he got three feet of water or until defendant was satisfied. After digging forty-seven feet without coming to water, plaintiff stopped digging for thirty days; that during this time a heavy rain came and considerable dirt caved into the well; that plaintiff wanted to resume work on the well and asked defendant to furnish him some boards and nails to curb the well. Defendant refused to do this and plaintiff refused to do any more digging; that it was finally

agreed that plaintiff might keep the ten dollars as payment in full for all he had done and abandon the contract to dig the well.

The court refused the following instructions asked by defendant:

"1. The court instructs the jury that if they find and believe from the evidence in this case, that after plaintiff had quit work, under the alleged contract with defendant to dig a well until he struck a stream of living water sufficient for all ordinary use and purposes, satisfactory to defendant, plaintiff told defendant he had abandoned said work and contract, in consideration of the mutual obligations existing between them, that said contract was then and there rescinded and dissolved; and your verdict must be for the defendant.

"2. The court further instructs the jury that in order to establish an abandonment of the contract in question, no formal proposition to abandon the same, made by one party, and accepted by the other, need be shown, but the fact that the same was abandoned by mutual consent may be inferred from the conduct, acts and declarations of the parties thereto.

"3. The jury are instructed that if they find from the evidence in this case, that plaintiff agreed to dig a well for defendant, and that plaintiff was to dig until said well furnished water reasonably sufficient for all ordinary use and purposes, satisfactory to defendant, and that plaintiff refused to perform his agreement and abandoned said contract, then your verdict must be for the defendant."

The vice of instructions numbered one and three is that neither of them hypothecated the contract as testified to by either the plaintiff or defendant. Neither testified that plaintiff was to dig until he found a living stream of water nor that he should dig until he found water enough for all ordinary purposes. Standing alone number three was useless. The cause was submitted without instructions, as none were asked

except those refused. There is evidence to support the verdict of the jury and the judgment is affirmed. *Barclay,* and *Goode, JJ.,* concur.